Nash vs. Meggett.

NASH, Trustee, Respondent, vs. MEGGETT, imp., Appellant. NASH, Trustee, Appellant, vs. MEGGETT and others, Respondents.

*November 16, 1894 — March 5, 1895.*

*Mortgages: Foreclosure: Judgment: Separate note for interest: Interest upon interest: Costs: Receiver of rents, etc.:* Res adjudicata: *Homestead: Appealable orders.*

1. Where a separate note is given for accrued interest upon notes secured by mortgage, but without any agreement that it shall operate as a payment, the amount due on such separate note, including the interest thereon, may be included in the foreclosure judgment, and the note will merge therein.

2. A foreclosure judgment awarding costs to plaintiff was not erroneous because the order for judgment did not specifically mention costs, where it ordered judgment in accordance with the prayer of the complaint, which included costs, and the judgment itself was signed by the court.

3. An order, made after judgment of foreclosure and pending an application for a receiver, restraining defendant from collecting

Nash vs. Meggett.

rents until the further order of the court, and which was followed by a further order appointing the receiver to collect the rents, etc., and restraining defendant from interfering, was not a final order and was not appealable.

4. An order and a subsequent order modifying it will be regarded, for the purposes of an appeal, as a single order.

5. In a foreclosure action the appointment of a receiver to collect rents and take charge of the mortgaged premises, excepting the mortgagor's homestead, is *held* to have been within the discretion of the trial court.

6. A provision by which a mortgage of land covered also the rents, issues, and profits thereof was not eliminated from the mortgage by the mortgagor's serving notice of a revocation thereof; nor could such notice prevent the court from considering such provision upon an application for the appointment of a receiver.

7. Such provision in the mortgage did not give plaintiff an absolute right to such rents, etc., as a matter of law; and the exemption of the mortgagor's homestead from the operation of an order appointing a receiver to collect rents and take charge of the mortgaged property, is *held* not to have been an abuse of discretion.

8. The refusal, before judgment, to appoint a receiver of mortgaged property was not a bar to such appointment more than a year after judgment of foreclosure, where changes had taken place in the value and circumstances of the property and the responsibility of the debtor.

9. An order refusing to allow defendant to file a certain affidavit contradicting an affidavit in behalf of the plaintiff was not appealable.

10. An order as to the undertaking to be given to stay proceedings pending an appeal having been set aside by a subsequent order which prescribed the undertaking to be given, an appeal from the former order is dismissed.

11. Appeals from a judgment and from several orders, embraced in the same notice of appeal, are considered in the taxing of costs as a single appeal.

APPEALS from a judgment and several orders of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Judgment and one order affirmed. The appeals from the other orders dismissed.*

On October 15, 1885, *Alexander Meggett* gave to the plaintiff, as trustee, a note of that date for the payment of

$10,000 three years after date, with interest at seven per cent. payable semi-annually, and to secure the same *Meggett* and wife executed a mortgage on lots 1, 2, 3, 8, 9, and 10 in block 6 in the Third ward of Eau Claire, and the same was recorded October 16, 1885. On August 26, 1886, *Mr. Meggett* gave the plaintiff, as trustee, another note of that date for the payment of $5,000, payable October 15, 1888, with interest at seven per cent. payable semi-annually, and to secure the payment thereof *Meggett* and wife executed a mortgage upon said six lots, and also on lots 4 and 5 in said block, and the same was recorded September 7, 1886. On April 15, 1887, the plaintiff released said lots 4 and 5 from said last-named mortgage.

On June 16, 1892, the plaintiff commenced this action to foreclose said mortgages respectively, and claimed as due thereon $15,000, with interest at seven per cent. from October 15, 1889, with taxes, costs, disbursements, and a reasonable sum for solicitor fees, as stipulated in the mortgages. *Meggett* and wife answered by way of admissions and denials, and alleged, in effect, that said lot 10 and the north fifteen feet of said lot 9 had been occupied by them as a homestead for more than eight years; that the plaintiff had only advanced $13,000 of the $15,000 principal sum mentioned in said two notes; that, to provide for the payment of a portion of the interest, *Mr. Meggett* gave the plaintiff his note, to become due January 16, 1891, for $944.66, which had not been paid and was still held by the plaintiff, and asked that it be applied as a payment on said notes; that there was a large amount of unpaid taxes on the land; that the premises were worth $35,000, and could be sold in parcels.

On August 22, 1892, the plaintiff gave notice of an application to the court, September 6, 1892, for judgment upon the pleadings. On August 23, 1892, the plaintiff obtained an order to show cause, September 6, 1892, why a receiver should not be appointed to collect the rents and profits

from the other defendants, who are tenants under *Mr. Meggett.* Said motions having been heard, and the parties having stipulated in open court that $200 was a reasonable solicitor's fee, and the court having taken the same under advisement until November 11, 1892, it was then ordered that the plaintiff have judgment of foreclosure as prayed in the complaint, except that the solicitor's fee be $200 and the amount due the plaintiff on the notes be $15,714.50, instead of the amount claimed in the complaint, and that it should be so adjudged; and the application for a receiver was thereby denied. Judgment was thereupon signed by the court and entered accordingly as of August 23, 1892.

On December 21, 1893, the plaintiff obtained another order to show cause, upon new affidavits, why a receiver should not be appointed. On December 30, 1893, the plaintiff obtained an order temporarily restraining *Mr. Meggett* from collecting any of said rents. Said motion was continued for a time and then heard and taken under advisement until March 20, 1894, when an order was made by the court appointing a receiver to collect the debts and moneys due as rents, and to take possession and charge of all said real estate, and an injunction restraining *Mr. Meggett* from interfering therewith. On April 9, 1894, the court made another order modifying said order of March 20, 1894, so as to exempt from the operation thereof all that portion of the real estate constituting said homestead, and further modified the same so as to collect only such rents on the balance of said property as accrued after December 30, 1893. On April 13, 1894, the court, by an order, refused to allow *Mr. Meggett* to file his affidavit contradicting a certain affidavit of the plaintiff's attorney. On April 16, 1894, the court made an order staying proceedings upon *Mr. Meggett's* proposed appeal, on giving an undertaking in effect guarantying a rental at the rate of $2,500 a year. On May 7, 1894, the court, by an order, refused to fix any terms or conditions

upon which the order of March 20, 1894, should be left in full force pending the appeal. On May 21, 1894, the court, by an order, set aside the order of April 16, 1894, and the approval of the court of the undertaking then given, and further ordered therein that all proceedings under and by virtue of said order of March 20, 1894, as modified by the order of April 9, 1894, be stayed upon giving the undertaking therein prescribed.

*Mr. Meggett* appeals to this court from said judgment and the whole thereof, and also from said restraining order of December 30, 1893; also, from the order of March 20, 1894, as modified by the order of April 9, 1894, except that part exempting the homestead from the operation thereof; also, from the order of April 13, 1894; also, from so much of the order of April 16, 1894, as requires an undertaking guarantying rent at the rate of $2,500 a year. The plaintiff appeals from all that portion of the order of March 20, 1894, as modified by the order of April 9, 1894, which exempts from their operation the homestead of *Mr. Meggett* and leaves the same in his exclusive possession and control until cut off by lawful sale under the foreclosure judgment.

For the plaintiff there were briefs by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle*. They argued, among other things, that the note given for accrued interest was secured by the mortgage, and the amount due thereon was properly included in the judgment of foreclosure. That a mortgage secures notes given in renewal of the original notes, see *Heively v. Matteson*, 54 Iowa, 505; *Bodkin v. Merit*, 86 Ind. 560; *Walters v. Walters*, 73 id. 425; *Enston v. Friday*, 2 Rich. Law, 427; *Bank of S. C. v. Rose*, 1 Strob. Eq. 257; *Lover v. Bessinger*, 9 Baxter, 393. The general doctrine seems to be that when a mortgage is given to secure a certain debt it is valid for that purpose only; yet whatever form the debt may assume, so long as it can be traced, the security for it holds good. *Patterson v. Johnston*, 7 Ohio,

Nash vs. Meggett.

225; *Van Wagner v. Van Wagner,* 7 N. J. Eq. 27; *Jagger Iron Co. v. Walker,* 76 N. Y. 521; *Chapman v. Jenkins,* 31 Barb. 164. It was held in *Stone v. Lane,* 10 Allen, 74 (see, also, 5 Allen, 62, and 13 Gray, 360), that where a mortgagor obtained further advancements upon an oral promise that the mortgage which he had already executed should secure such advancements, it would be enforced by the courts. If a court of equity will enforce an oral promise of that nature, there ought to be no difficulty about its holding that the interest on the original debt, although evidenced by a new note bearing interest, is secured by the mortgage, the pleading leaving no doubt that the note was given for the purpose of obtaining an extension of time, and that it is the purpose to give the mortgagee interest upon interest already due, the payment of which was to be deferred. It has been held that a mortgagee may take a note for accrued interest, and, unless the new note is received with the express intent that it shall operate as a payment, it will be secured by the mortgage, and interest upon interest may be collected from the mortgaged property. See *Feldman v. Beier,* 78 N. Y. 293, and cases cited in the opinion and the respondent's brief. See, also, *Hutchinson v. Swartsweller,* 31 N. J. Eq. 205; *Parkhurst v. Cummings,* 56 Me. 155; *Elliot v. Sleeper,* 2 N. H. 525; *Tylee v. Yates,* 3 Barb. 222; *Rice v. Dewey,* 54 id. 455; *Goenen v. Schroeder,* 18 Minn. 66. It was further held in *Frink v. Branch,* 16 Conn. 260, that the indorsement upon the original note of the amount for which the new note was given, was not a payment, even as against a subsequent purchaser, unless he was misled. See, also, *Humphreys v. Danser,* 32 N. J. Eq. 220; *Meyer v. Lathrop,* 73 N. Y. 315; *Langley v. Bartlett,* 33 Me. 477. Under sec. 2983, S. & B. Ann. Stats., as against "mortgages lawfully executed," the owner of a homestead has no exemption rights. See Waples, Homest. 549–552, and cases cited in notes. Under a similar statute the supreme court of Minnesota has held that the

homestead is as much subject to the mortgagee's equitable right to have a receiver of the rents and profits as is the rest of the mortgaged premises. *Lowell v. Doe,* 44 Minn. 144. The insolvency of the defendant who is personally liable for the mortgage debt is in effect found by the court, as appears from the recitals in the order; and that the entire debt was due, and that the rents, issues, and profits were pledged in the mortgage, appears from the judgment and the pleadings. The rule seems to be that under such circumstances the mortgagee has an absolute right to have a receiver to collect the rents. *Mackellar v. Rogers,* 50 N. Y. Super. Ct. 360; *Ex parte Wills,* 1 Ves. Jr. 162; *Abbott v. Stratten,* 8 Sugden's Dec. 603; *Shotwell v. Smith,* 3 Edw. Ch. 588; *Hollenbeck v. Donnell,* 94 N. Y. 342; *Bank of Ogdensburgh v. Arnold,* 5 Paige, 38; *Astor v. Turner,* 11 id. 436; *Sea Ins. Co. v. Stebbins,* 8 id. 565; *Syracuse C. Bank v. Tallman,* 31 Barb. 201; *Hyman v. Kelly,* 1 Nev. 179; *Demick v. Cuddihy,* 72 Cal. 110; *Zeiter v. Bowman,* 6 Barb. 133; *Bryson v. James,* 55 N. Y. Super. Ct. 374; *Quincy v. Cheeseman,* 4 Sandf. Ch. 405; *Des Moines Gas Co. v. West,* 44 Iowa, 23; *C. B. Keough M. Co. v. Whiston,* 14 N. Y. Supp. 344; *Hulett v. Soullard,* 26 Vt. 295; *Smith v. Patton,* 12 W. Va. 541; *Bryant v. Pennell,* 61 Me. 108; *Dumville v. Ashbrooke,* 3 Russ. 98; *Whitehead v. Wooten,* 43 Miss. 523; *Morrison v. Buckner,* 1 Hemp. 442.

*Alexander Meggett* and *J. F. Ellis,* for the defendant, contended, *inter alia,* that plaintiff had no lien upon the rents and profits under his mortgage. The provision as to rents and profits had been revoked. The judgment made no provision for any lien thereon. The court had decided that the plaintiff was not entitled thereto. *Gregory v. Rosenkrans,* 72 Wis. 220; *S. C.* 78 id. 451; *Allen v. Elderkin,* 62 id. 627; *Wæhler v. Endter,* 46 id. 301. The mortgage of the rents and profits, as to those afterwards acquired, is a revocable license and is not effectual to create a lien in equity in favor of the mortgagee upon the property. *Chynoweth v. Tenney,*

10 Wis. 397, 406–408; *Merchants' & M. Sav. Bank v. Love-joy*, 84 Wis. 609.    See, also, *Sales v. Lusk*, 60 Wis. 490; *Jackson v. Hull*, 10 Johns. 481; *Morris v. Branchaud*, 52 Wis. 187; *Dunn v. Buckley*, 56 id. 191.    The mortgagee is not entitled to the rents and profits of the homestead until he obtains possession of the realty.    *Miner v. Beekman*, 42 How. Pr. 37.    The last clause of sec. 2, ch. 303, Laws of 1891, is decisive that possession of the homestead shall remain in the mortgagor until confirmation of sale.

The following opinion was filed December 11, 1894:

CASSODAY, J.    The foregoing statement contains the essentials of the two voluminous records before us in this case. The appeals are not only from the judgment, but from numerous orders and parts of orders.    We shall not undertake to consider in detail every question that has been presented.

1. *Mr. Meggett* contends that the judgment is for an amount in excess of the amount admitted to be due in his answer.    But the answer concedes that the aggregate principal sums due upon the two notes and mortgages was $13,000.    It also admits that the interest was only paid thereon to October 15, 1889.    The simple interest from that time to the entry of the judgment, August 23, 1892, was $2,598.55, making the amount then due for principal and interest $15,598.55.    This is within $115.95 of the amount for which the judgment was taken, and that is much more than covered by the interest on the $944.66 note mentioned in the answer as being given by *Mr. Meggett* to the plaintiff "to provide for the payment of a portion of said interest."    It does not appear that there was any agreement that that note should extinguish or operate as a payment of so much of the original debt.    *Matteson v. Ellsworth*, 33 Wis. 488.    We must therefore assume, what is manifest from the quotation from the answer,— that the note was merely to secure interest upon the amount of the interest due when

the note was given. That note merged in the judgment, and is otherwise of no significance. The transaction was not repugnant to sec. 1689, R. S., since the note was an agreement in writing, signed by *Mr. Meggett*, to pay interest upon the amount of the interest embraced therein. The result is that the judgment is not in excess of the amount admitted to be due in the answer. This being so, the objection to the entry of judgment upon motion is unavailing. R. S. sec. 2892.

2. Counsel objects to costs being awarded to the plaintiff in the judgment. The awarding of costs, in this state, is regulated by the statutes. *In re Carroll's Will*, 53 Wis. 228; *Wis. Cent. Co. v. Kneale*, 79 Wis. 95. *Mr. Meggett* might have avoided a part of the taxable costs, had he offered to allow judgment for the amount due, as prescribed by statute (sec. 2789, R. S.). But this he did not do. It is objected that the order for judgment did not specifically mention costs; but it ordered judgment according to the prayer of the complaint, except as therein otherwise specified, and hence covered costs. Besides, the judgment itself was signed by the court. There is no ground for claiming that costs should have been awarded to *Meggett*.

3. The objection to the allowance of $200 as a reasonable solicitor's fee, as agreed upon in open court, in pursuance of the stipulation in the respective mortgages, is overruled.

4. We find nothing in the items of costs, as taxed, which is substantially objectionable,— certainly, nothing that is reviewable upon this record.

The judgment of the circuit court is affirmed.

5. The order of December 30, 1893, was made on the plaintiff's application for a receiver, and upon *Mr. Meggett's* application for further time in which to prepare and submit affidavits in opposition to the motion, and which application for a continuance of the hearing was granted, and the court merely restrained *Meggett* from collecting rents until the

further order of the court; and such further and final order was subsequently made, and hence the order of December 30, 1893, was necessarily merged in such final order. The order of December 30, 1893, not being " a final order affecting a substantial right made in special proceedings," nor " upon a summary application in an action after judgment," is not appealable. R. S. sec. 3069, subd. 2. The appeal, therefore, from the order of December 30, 1893, is dismissed.

6. The order of March 20, 1894, having been modified by the order of April 9, 1894, the two orders together must be regarded as a single order; and *Mr. Meggett's* appeal from them respectively must be regarded as a single appeal from the portions thereof designated therein. The question recurs whether the court rightfully granted a receiver of the rents accruing subsequently to December 30, 1893, except as to the homestead. Upon a careful consideration of the facts presented by the record, we are constrained to hold that it was a matter resting in the discretion of the trial court, and we find nothing to indicate an abuse of that discretion. By the mortgages, *Meggett* and wife had mortgaged to the plaintiff the six lots, " together with all the buildings and improvements thereon situate, with the privileges and appurtenances to the said real estate belonging, and all of the rents, issues, and profits which may arise or be had thereon." *Mr. Meggett* contends that this clause was eliminated from the mortgage by serving a notice of an alleged revocation of the same, September 27, 1892. We are constrained to hold that such notice had no such effect,— certainly not in equity,— nor could it prevent a court of equity from taking the same into consideration on an application for the appointment of a receiver. It is to be remembered that the court has such power in a proper case, even in the absence of any such agreement in the mortgage. Counsel contends that the refusal to appoint a receiver, November 11, 1892, was *res adjudicata,* and hence a bar to the order of March 20, 1894, as modified by the order of April 9, 1894. The one application was before

judgment, and the other a year and several months after judgment. During the time great changes may have taken place, and manifestly did, in the value and circumstances of the property and the responsibility of the debtor. We must regard the applications as essentially independent of each other, and hence the refusal of the first application was no bar to the making of the last order. Those portions of the order of March 20, 1894, as modified by the order of April 9, 1894, from which *Mr. Meggett* appeals, are affirmed.

7. The order of April 13, 1894, refusing to allow *Mr. Meggett* to file a certain affidavit, is manifestly not appealable, and so the appeal therefrom is dismissed.

8. The order of April 16, 1894, as to the undertaking to be given by *Mr. Meggett* to stay proceedings pending his several appeals to this court, and from a portion of which he appeals, was in fact set aside by the order of May 21, 1894, and that order prescribes the undertaking to be so given in order to stay proceedings. The power to make such order is very much in the discretion of the trial court. R. S. secs. 3057, 3060, 3061. But, for the reason stated, *Mr. Meggett's* appeal from a portion of the order of April 16, 1894, is dismissed.

9. The clause quoted from the mortgage in reference to rents did not give to the plaintiff an absolute right to such rents, as a matter of law; and especially is that so as to the possession, use, and control of the homestead. In other words, and for reasons already given in another connection, the power of appointing a receiver of such homestead and the rents and use of the same rested in the sound discretion of the trial court; and we perceive no abuse of that discretion in exempting the homestead from the operation of the order of March 20, 1894, as modified by the order of April 9, 1894, nor in leaving *Mr. Meggett* in the exclusive possession and control of the same until cut off by lawful sale under the foreclosure judgment.

That portion of the order of March 20, 1894, as modified

by the order of April 9, 1894, from which the plaintiff has appealed, is affirmed.

The several appeals by *Mr. Meggett* are all taken by the same notice, and in taxing costs in this court they must all be taken and considered together as a single appeal.

*By the Court.*— Ordered accordingly.

A motion by the defendant *Meggett* for a rehearing upon his appeals was denied March 5, 1895.