J. R. COOPER, Appellee, v. H. L. MARSH et al., Appellees; J. S. HAMM, Appellant.

**MORTGAGES: Rights of Parties—Pledge of Rents—Loss of Pledge.** A
1 general pledge of the rents of mortgaged real property gives the
mortgagee no right to rents which have accrued, and which have
been paid or delivered by the tenant, *prior to the commencement of
foreclosure proceedings*, to a subsequent grantee-landlord who had
not assumed payment of the mortgage debt. Necessarily the mort-
gagee is not entitled to a receiver for such rents. (See Book of
Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

**MORTGAGES: Rights of Parties—Pledge of Rents—Accrual of Lien.**
2 A general pledge of the rents of mortgaged real property gives the
mortgagee a lien thereon only from the point of time when the ap-
pointment of a receiver of such rents is *prayed for* in foreclosure
proceedings.

**MORTGAGES: Rights of Parties—Conditional Pledge of Rents.** A
3 mortgage provision to the effect (1) that, in case of foreclosure, a
receiver may be appointed, and (2) that all rents derived from the
premises shall be applied on the mortgage debt, does not embrace
rents which have accrued and which have been paid to a landlord-
owner prior to the commencement of foreclosure proceedings. Nec-
essarily the mortgagee is not entitled to a receiver for such rents.

**COSTS: Persons Liable—Grantee of Mortgaged Premises.** An attor
4 ney fee may not be taxed in mortgage foreclosure proceedings
against a subsequent grantee who has not assumed the payment of
the mortgage debt. (See Book of Anno., Vol. 1, Sec. 11644, Anno.
24.)

Headnote 1: 27 Cyc. p. 1250.  Headnote 2: 27 Cyc. p. 1251.  Head-
note 3: 27 Cyc. p. 1251.  Headnote 4: 27 Cyc. p. 1077.

*Appeal from Taylor District Court.*—A. R. MAXWELL, Judge.

FEBRUARY 9, 1926.

REHEARING DENIED JUNE 21, 1926.

ACTION to foreclose a real estate mortgage. A receiver was
appointed, at the instance of the plaintiff. The trial court de-
creed a foreclosure of the mortgage, appointed a receiver to
take possession of certain personal property then on the mort-
gaged premises, and established the claim of the intervener.

The defendant Hamm, who was the grantee of the mortgagor, appeals, and the plaintiff files a cross-appeal. The material facts are set out in the opinion.—*Affirmed in part; reversed in part.*

*Stipe, Davidson & Davidson,* for appellant.

*R. T. Burrell* and *Wisdom & Kirketeg,* for J. R. Cooper and F. C. Cooper, appellees.

*O. C. Greene,* for Page County State Bank, intervener, appellee.

FAVILLE, J.—H. L. Marsh was the owner of 249 acres of land. On March 1, 1921, Marsh and his wife gave to the plaintiff in this action a mortgage for $12,000 on said land. The mortgage

1. MORTGAGES: rights of parties: pledge of rents: loss of pledge.

was due March 1, 1925. It was subject to a first mortgage of $7,000 on 160 acres of the land and subject to a mortgage of $7,200 on 89 acres of the land. On February 14, 1923, Marsh conveyed the 160 acres to the defendant Hamm. The conveyance was subject to the plaintiff's mortgage, but Hamm did not assume or agree to pay the mortgage, under the terms of the conveyance. Hamm rented the 160 acres to a tenant named Philpott, for the term of one year, the lease expiring March 1, 1924. The terms of the lease provided for the payment of $400 cash rental and the delivery to Hamm of one half of the crop raised on the rented premises. The $400 cash rent was represented by the note of Philpott to the defendant Hamm. It is the claim of the Page County State Bank, as intervener, that Hamm transferred the said note of $400 to Stipe, Davidson & Davidson, in payment of an attorney fee which he owed to said parties, and that said attorneys transferred said note to the intervener bank for a valuable consideration. Under the terms of the mortgage, an interest payment was due thereon on March 1, 1924, which was not paid. The mortgage contained an acceleration clause; and on March 15, 1924, the plaintiff instituted this action for the foreclosure of said mortgage, and in said action asked for the appointment of a receiver to take charge of the rents and profits of the

mortgaged premises. A temporary receiver was appointed, and upon final decree the receivership was made permanent. The crop share of the rental of said premises, under said lease, consisted of 1,050 bushels of corn, which were set apart to the landlord, Hamm, and placed in a crib upon the mortgaged premises. By stipulation of the parties the corn was sold and converted into money, and the proceeds held in lieu of the corn itself. By the terms of the decree it was adjudged that the plaintiff had, under his mortgage, a lien on the corn in the crib, which was raised on the premises during the year 1923, and that the receiver was entitled to possession of said corn, or the proceeds thereof, to apply upon the amount due on the plaintiff's mortgage. As to the rental note of $400, the court decreed as follows:

"The plaintiff has no claims upon the note now in the hands of the intervener, the Page County State Bank, and it owns the same, and also owns an interest and such interest in the written lease signed by defendants Hamm and Philpott, necessary for the enforcement of the collection of said note; and when said note is paid, either by Philpott or the receiver, the Page County State Bank shall make an assignment of said lease to the receiver."

The court ascertained the total amount due on said mortgage, and decreed foreclosure of the same against the premises. Personal judgment was rendered against the defendant Hamm for the costs of said action, including an attorney's fee.

I. The mortgage in question contained the following clause:

"In case of foreclosure of this mortgage, under any of its provisions, it is hereby agreed that, on filing the petition for such foreclosure, a receiver shall be appointed to take charge of the mortgaged premises at once, and to hold possession of the same until the debt is fully paid and the time of redemption expires, and all rents and profits derived from said premises shall be applied on the debt secured thereby. The legal holder hereof may recover in said foreclosure statutory attorney's fee, and the cost of an abstract."

The decree provides that the temporary appointment of the receiver is made permanent, and that the plaintiff has a

lien upon the corn grown upon the mortgaged premises in the
year 1923 and still remaining thereon, and directs the receiver
to apply the proceeds of said corn upon the mortgage indebted-
ness.

The question of the appointment of a receiver to take
possession of mortgaged . premises and collect the rents and
profits therefrom and apply the same upon the mortgage in-
debtedness is discussed by this court in the case of *Young v.
Stewart*, 201 Iowa 301. In said case the authorities are collect-
ed, and it is unnecessary to repeat the discussion therein con-
tained or to again review the cited authorities.

The only claim of a right to the appointment of the re-
ceiver in the instant case is because of the terms and provisions
of the mortgage as above set forth. Even under the terms of the
mortgage the plaintiff had no lien on the rents
and profits until foreclosure proceedings were
commenced and the appointment of a receiver
was sought. See cases cited in *Young v.
Stewart*, supra. It is not every case in which a mortgage pro-
vides that the rents and profits are pledged as security for the
mortgage debt, that a receiver should be appointed. *Young v.
Stewart*, supra, and cases cited therein. The stipulation of the
mortgage in the instant case with regard to the appointment
of a receiver clearly provides that the receiver is to be appointed
only "in case of foreclosure of this mortgage."
The stipulation, then, is that the receiver is to
take charge of the mortgaged premises and hold
the same until the debt is fully paid, and that
"all rents and profits derived from said premises shall be
applied on the debt secured thereby." The mortgage in
question makes no general pledge of the rents and profits
of the real estate during the life of the mortgage as security
for the mortgage indebtedness. The provision is limited
to what shall be done "in case of foreclosure of this mort-
gage." The further provision is that, "on filing the petition
for such foreclosure," a receiver shall be appointed who shall
take possession of the mortgaged premises, and that "all rents
and profits *derived from said premises*" shall be applied on the
mortgage debt.

2. MORTGAGES:
rights of par-
ties: pledge of
rents: accrual
of lien.

3. MORTGAGES:
rights of par-
ties: condi-
tional pledge
of rents.

"Derived" when, and by whom? The clear intention of the parties by this stipulation is only to pledge as security for the mortgage debt such rents and profits as might be derived by the receiver from the premises *after* the institution of the action of foreclosure. No reference whatever is made in the mortgage to the rents and profits that should accrue otherwise. The rents and profits which were decreed by the trial court to be subject to the mortgage, and which were ordered turned over to the receiver, were, in fact, rents and profits that had accrued and been paid to the landlord by the tenant *before* the action to foreclose was commenced, or a receiver sought.

We are constrained to hold that, under a proper construction of the mortgage itself, these rents and profits which had previously accrued, and which had been turned over to the landlord, were not pledged as security for the mortgage debt, and were not included within the terms of the mortgage, and that the plaintiff was not entitled to the appointment of a receiver to take charge of said property and subject the same to the payment of the mortgage debt. Even if the mortgage provided in general terms for a pledging of the rents and profits of the mortgaged premises, it is the uniform holding that the mortgagee acquires no lien by virtue of his mortgage upon said rents and profits until foreclosure proceedings are commenced and the appointment of a receiver is sought. See *Young v. Stewart,* supra, and cases cited therein. The general rule is that, although the rents and profits are pledged in a mortgage, the mortgagor has the right to dispose of the same without being liable to account to the mortgagee therefor, prior to the institution of an action wherein foreclosure and the appointment of a receiver are asked. *Whiteside v. Morris,* 197 Iowa 211; *Young v. Stewart,* supra. See, also, *Hakes v. North,* 199 Iowa 995.

We reach the conclusion that the court erred in appointing a receiver with power to take the corn upon the leased premises which had been grown thereon in the year 1923 and set apart to the landlord as his share of the rent before this suit was started, and we hold that the proceeds of the sale of said corn were in no way available to the plaintiff, to apply upon his mortgage indebtedness.

II. The court found that the plaintiff had no claim upon the note in the hands of the intervener, which note was evidence of a portion of the rental of the mortgaged premises for the year 1923. The plaintiff appeals from this portion of the decree.

The plaintiff had no claim whatever to the said note, which evidenced a portion of the rental derived from the said premises during the year 1923, prior to the commencement of this action. As between the plaintiff and the intervener, the plaintiff had no right to or claim upon the said note or the proceeds derived from the payment thereof.

III. The court entered a judgment *in rem,* decreeing a foreclosure of the mortgage, fixing the amount due thereon, and directing a sale of the mortgaged premises to satisfy said debt. In so doing, the court entered personal judgment against the defendant Hamm for the costs of said action, including an attorney fee in favor of the plaintiff's attorney. The defendant Hamm appeals from this portion of the decree. The court erred in this regard. The defendant Hamm was the grantee of the original mortgagor, Marsh, and took the real estate subject to the mortgage, but in no way assumed payment of the mortgage or had any personal liability thereunder. He was not personally liable for attorney's fees for the plaintiff's attorney, and the decree of the district court in so providing was clearly erroneous. Nor should all of the costs of the action have been taxed against the grantee, Hamm, personally. This is obvious from the modification of the decree as herein provided for. The case would appear to be one for a proper apportionment of costs.

*4. Costs: persons liable: grantee of mortgaged premises.*

The cause will be reversed on the defendant's appeal and affirmed on the plaintiff's cross-appeal, and will be remanded to the district court for a decree in conformity with this opinion; or the parties may have decree entered in this court, as the plaintiff may elect.

The costs in this court will be taxed to the plaintiff.

It is so ordered.—*Affirmed in part; reversed in part.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.