G. T. HAKES, Appellee, v. FRANK L. NORTH et al., Appellees; CITY SAFETY DEPOSIT COMPANY, Appellant.

RECEIVERS: Right of Receiver in Foreclosure—Subsequent Assignment 1 of Rents. A mortgage providing, in case of foreclosure, for the appointment of a receiver to take charge of the rents up to and until the expiration of the redemption period and to apply them on the mortgage indebtedness, incapacitates the mortgagor, *after the petition in foreclosure is filed,* from conveying a title to after-accruing rents which will be superior to the rights of the receiver. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 52 *et seq.*)

APPEAL AND ERROR: Abstracts of Record—Imperfect Preparation— 2 Effect. The failure of an appellant to comply substantially with the rules of the Supreme Court relative to the preparation and indexing of an abstract affords ample grounds for the peremptory dismissal of the appeal. (See Book of Anno., Vol. 1, Sec. 12845, Anno. 12 *et seq.*)

Headnote 1: 27 Cyc. p. 1251 (Anno.) Headnote 2: 4 C. J. pp. 387, 389.

Headnote 1: 19 R. C. L. pp. 561, 562. Headnote 2: 2 R. C. L. 156.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

APRIL 6, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Application for an order directing a receiver under a mortgage foreclosure to deliver certain rents to the applicant. The order prayed for was denied, and the applicant appeals. The facts appear in the opinion.—*Affirmed.*

*W. A. Ehlers* and *Walter S. Stillman,* for appellant.

*C. E. Swanson,* for appellee.

FAVILLE, J.—I. Appellee held a mortgage on certain real estate belonging to the defendant North. Action was begun for the foreclosure of said mortgage, and, upon application of the

**1. RECEIVERS: right of receiver in foreclosure: subsequent assignment of rents.** mortgagee, an order was entered, on November 3, 1923, appointing a receiver for said premises, and ordering the said receiver "to collect all the rents, issues, income, and profits of said premises, and hold the same subject to the further order of this court." The petition in said foreclosure proceeding was filed on November 3, 1923. The decree of foreclosure was entered on February 12, 1924. Special execution was issued, and sheriff's sale was had on the 17th day of March, 1924, and the property was sold for less than the amount of the judgment. Appellant herein made claim to the rents and profits of the farm for the year 1923, under an assignment of the lease of said premises for said year. The trial court awarded the rents and profits for said year to appellee, and directed the receiver to so apply them. Appellant appealed from said order, and the same was reversed, and the rents for the year 1923 were directed to be paid to appellant. *Hakes v. North,* 199 Iowa 995. On December 24, 1924, appellant filed its application for another order, directing the receiver to deliver to said applicant all the rents and profits of said farm for the year and crop season of 1924. Appellant claims a right to the rents and profits for the year 1924 under and by virtue of a conveyance of said premises executed by the mortgagor, North, and his wife to appellant on the 23d day of December, 1924. Said instrument conveyed the full right of redemption of said premises, and also the right to all rents, issues, and profits derived therefrom. The court denied the application, and we held that the receiver should apply all rents, issues, income, and profits derived from the mortgaged premises for the year and season of 1924 to the payment of necessary repairs and expenses incurred during the year of redemption and for taxes and assessments against the premises and the insurance premium, and that any balance remaining should be applied to the satisfaction of the deficiency judgment existing in favor of the appellee. The year of redemption from the foreclosure sale expired on March 17, 1925.

The mortgage contains the following clause:

"It is expressly agreed and understood by the parties hereto, that upon the commencement of any suit to foreclose this mortgage or at any time thereafter and prior to the expiration of the time for redemption from sale of said premises on foreclosure,

any court of competent jurisdiction, upon the application of the mortgagee, its successors, or assigns, or the purchaser at such sale, may at once and without notice to the mortgagor, their heirs or assigns, or any person claiming under them, appoint a receiver for said premises to take possession thereof, to enter upon, cultivate, operate and lease the same, to collect the rents, issues, income and profits of such premises during the pendency of such foreclosure and until the time to redeem the same from execution sale shall have expired, and out of the same to make necessary repairs and keep the premises in proper condition and repair during such period, and to pay all taxes and assessments, accrued or accruing between the commencement of such foreclosure suit and the expiration of the time for redemption, unredeemed tax and assessment sales remaining unpaid, at or prior to the foreclosure suit, to pay insurance premiums necessary to keep premises insured in accordance with the terms of this mortgage and the expense of such receivership; and, at the option of the mortgagee, its successors and assigns, to have any balance remaining applied upon the debt hereby secured.''

It is to be noticed that the rent for 1924 all accrued after the filing of the petition asking for foreclosure of the mortgage and for the appointment of a receiver, and, in fact, accrued after the receiver had been appointed.

The question of the legality of the appointment of the receiver is not involved in this appeal. The sole question is whether the receiver, duly appointed under the terms and provisions of the mortgage in question, is entitled, as against the mortgagor's assignee, to the rents that accrued for the year 1924, which rents accrued after the sheriff's sale in the foreclosure proceeding and during the period of redemption. The situation is very different from that presented in *Sayre v. Vander Voort,* 200 Iowa 990, and *Howe v. Briden,* 201 Iowa 179.

In the instant case, under and by virtue of the terms of the mortgage, the mortgagor agreed that, upon the commencement of a suit for foreclosure, a receiver might be appointed to take possession of the premises and to lease the same and to collect the rents, issues, income, and profits from said premises ''during the pendency of such foreclosure and until the time to redeem the same from execution sale shall have expired.'' A receiver was appointed, upon the commencement of said suit, for the purpose

therein specified, and from such order of appointment no appeal was taken. By the terms of the instrument, the rents and profits for the season of 1924,—that is, the year of redemption,—were pledged as security for the payment of certain specified things covered by said mortgage. The question is whether or not a subsequent assignment of the said rents and profits by the mortgagor for the said year of redemption shall have priority over the provisions of the mortgage. As between the mortgagor and the mortgagee, the provisions of the mortgage for the pledging of the rents and profits and providing for the appointment of a receiver to collect and apply the same were valid. This mortgage was of record, the suit for foreclosure had gone to decree and sheriff's sale, the application for the appointment of a receiver for the express purpose of collecting and applying the rents as provided by the mortgage had been duly made, and the receiver had been appointed for said purpose, and had qualified, all before the assignment of the rents and profits during the year of redemption was made by the mortgagor to appellant.

We recognized the rule, in the former appeal, that the mortgagor could dispose of the rents and profits that were covered by the mortgage *prior* to the time that an action for foreclosure was commenced and the appointment of a receiver was prayed. See, also, *Young v. Stewart*, 201 Iowa 301. But such is not the situation in the case at bar. Here the mortgage pledged the rents and profits, the receiver had been appointed, with directions to collect the same, and all the rents and profits in question accrued thereafter; and it was while this situation was pending that the mortgagor attempted to make a second transfer of his interest in the rents and profits by the assignment to appellant. This he could not do, under the circumstances.

*Farmers & Merch. St. Sav. Bank v. Kriegel*, 196 Iowa 833, relied upon by appellant, is not in point. No question of "rents" was involved in that case.

The order of the trial court in directing the receiver to apply the rents and profits as provided by the terms of the mortgage was correct.

II. Appellant's abstract does not contain the name of the trial court or the judge thereof. It does not have any index whatever, as required by our rules. The rule (18) requires that

2. APPEAL AND
ERROR: abstracts
of record: im-
perfect prepara-
tion: effect.

all abstracts and amendments thereto *must* be accompanied by a complete index of their contents. The rule also makes it imperative that this index *"must be arranged in alphabetical order,"* which is often not done. The rule should be heeded. It also expressly requires that the index shall *"refer to exhibits by brief description of same."* This is very essential in enabling the court to readily turn to a needed exhibit. To merely list exhibits in an index by number, from one to a hundred or more, as is often done, is little aid to the court. A "brief description" of the exhibit in the index enables the court to turn at once to a needed exhibit, without making endless and ofttimes fruitless search to find it without any assistance from the index.

Because of the failure to obey the rule, the case might well have been dismissed. We have considered it on its merits as a matter of sufferance, in view of the condition of this record.

The order of the district court must be, and it is,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.