EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellant, v. E. J. ROOD et al., Appellees.

February 7, 1928.

Rehearing Denied May 11, 1928.

*Henry & Henry* and *Nagle & Hill,* for appellant.

*Burnstedt & Hemingway,* for J. E. Burnstedt and Max M. Hemingway, Trustees, and William Jaques, appellees.

Faville, J.—Appellant was the holder of a mortgage on certain real estate. On November 12, 1926, appellant commenced an action for the foreclosure of said mortgage. The mortgage contained the following provision:

"It is further agreed that the rents, issues and profits of said property are also pledged as security for the payment of the  indebtedness above mentioned; and upon the maturing of said indebtedness, whether occasioned by lapse of time or by the occurrence of any of the defaults above mentioned, the mortgagee or its assigns, shall be at once entitled to the possession of the mortgaged property, and any court having jurisdiction in any suit to foreclose this mortgage shall have the power and right to appoint a receiver to collect the said rents, issues and profits arising from said property during such foreclosure suit, and during the year allowed by law for redemption after judicial sale, and apply the net profits thereof after deducting all the costs of such proceedings. upon the indebtedness secured hereby."

In the petition the appellant prayed foreclosure of said mortgage, and also that a receiver be appointed to take pos-

session of said premises and apply the rents and profits upon the amount due on said mortgage, under the order of court. An answer was filed in said cause, and thereafter, and before trial, the appellant filed in said cause a written dismissal of the application contained in the petition for the appointment of a receiver, "without prejudice to its right to renew said application at a later time." The decree of foreclosure so recited.

A special execution was issued under said decree, and the real estate was sold, the amount of said sale being $500 less than the total amount of the judgment, interest, and costs. Subsequently a general execution was issued, and returned *nulla bona*. The renewal of the application for the appointment of a receiver was filed after special execution had been issued and before said sale was had. The hearing on said application, however, was not had until after the sale of the real estate on special execution, and after the general execution had been returned *nulla bona*. At the hearing on the motion to dismiss the application, the foregoing facts were stipulated, and it was also further stipulated that the application for receivership was based upon the fact that there remained a deficiency judgment unsatisfied after the sale of the premises under special execution, and that the mortgagors were unable to pay the deficiency judgment, and were insolvent, and that the question of depreciation and waste of the premises was not involved.

The question for our determination is whether or not, under this state of facts, the court erred in sustaining the appellees' motion to dismiss the application for the appointment of a receiver.

By the terms of the mortgage it is provided that the rents and profits are pledged as security for the payment of the indebtedness, and it is provided that, in a suit to foreclose the mortgage, the court should have the power to appoint a receiver to collect the rents and profits and apply the same on the mortgage indebtedness. Inadequacy of the real estate security is shown, and also the insolvency of the mortgagors. No question of homestead is involved. We have frequently had similar mortgages before us for consideration, and have sustained the power of the court to appoint a receiver where proper showing is made. *Young v. Stewart*, 201 Iowa 301; *Cooper v. Marsh*,

201 Iowa 1262; *Sheakley v. Mechler,* 199 Iowa 1390; *Fellers v. Sanders,* 202 Iowa 503; *Robertson v. Roe,* 203 Iowa 654; *Equitable Life Ins. Co. v. Carpenter,* 203 Iowa 1377.

It is the rule in this state that, under such a mortgage, the mortgagee has no lien upon the rents and profits until the commencement of an action for foreclosure of the mortgage, in which action he seeks the appointment of a receiver. *Young v. Stewart,* supra; *Whiteside v. Morris,* 197 Iowa 211; *Hakes v. North,* 202 Iowa 324; *Cooper v. Marsh,* supra; *Kooistra v. Gibford,* 201 Iowa 275. In the instant case the appellant started his action for foreclosure of the mortgage, and in said original action prayed the appointment of a receiver to take charge of the rents and profits, as provided in the mortgage. Before decree, however, the appellant dismissed the application for the appointment of a receiver, without prejudice to the right of renewal of said application at a later time, and the decree recited that said application had been dismissed without prejudice to such right of renewal. Subsequently, the application for the appointment of a receiver was renewed in the original action, and before said application was heard, the sale of the real estate had taken place, and its value was fixed and determined by said sale, and the amount of the deficiency judgment was ascertained. It also then appeared that the mortgagors were insolvent. Until said sale of real estate was had, it was a matter of some degree of speculation as to whether or not it would be necessary to resort to the rents and profits to satisfy the appellant's claim. The real estate was the primary security for the indebtedness, and the right under the mortgage to resort to the the rents and profits that might accrue after foreclosure action was commenced was in the nature of a secondary security, to be resorted to in the event that the primary security on the real estate was insufficient to pay the amount of the mortgage. See *John Hancock Mut. Life Ins. Co. v. Linnan,* 205 Iowa 176. In cases of this character, it is quite obvious that it is impossible to know definitely and certainly, before a sale of the real estate, whether or not it will be necessary to resort to the pledged rents and profits to satisfy any part of the appellant's claim. Where the question of value of the real estate arises before execution sale, it of necessity turns upon opinion evidence, and we are not unmindful of the fact that in such instances there is often great

variance in the estimated values. But where a sale of the real estate under execution has been had, the amount to be credited upon the mortgagee's claim is fixed and determined. Then for the first time is it known definitely and certainly that recourse must be had to the secondary security, to wit, the rents and profits; and then is it first known definitely and certainly what deficiency exists. We deem it proper to suggest that, in cases of this kind, unless there are extraordinary conditions, it is evidently a quite appropriate proceeding, where a receivership is sought at the commencement of foreclosure proceedings in a case where the rents and profits are pledged in the mortgage, that a decree of foreclosure of the real estate be entered, and that by order of court the application for the appointment of a receiver be held in abeyance and continued until after the execution sale. Then for the first time it is definitely determined whether recourse to the rents and profits is necessary in order to satisfy any portion of the mortgagee's claim, and then for the first time is known the amount that is required for said purpose. It might frequently happen that, in such an event, a receiver would only be required to collect a comparatively small portion of the entire rents and profits accruing from the premises, in order to satisfy the deficiency. The instant case illustrates such a situation. Here the deficiency after the sale of the real estate is $500, which, with costs, would be the total amount the receiver would be required to collect as rents and profits from a farm of 232 acres. A timely application for discharge when this amount had been collected and properly applied could well be entertained.

The appellant asked for a receiver for the rents and profits at the time that the original petition in foreclosure was filed. This application was timely. It was not abandoned by the appellant, but was dismissed without prejudice, and with reservation of the right to make a further application. The court recognized this situation in the decree. A special execution was then issued, and a sale had. The appellant renewed the application for the appointment of a receiver, and the hearing thereon was not had until it was definitely and certainly ascertained by the sale under the foreclosure that the real estate was insufficient to satisfy appellant's claim, and the amount necessary to realize from said rents and profits to satisfy the balance due

upon appellant's claim was then for the first time definitely ascertained. If the court had decreed a foreclosure of the real estate mortgage, and continued the cause as to the appointment of a receiver for the rents and profits until after the sale of the real estate had been had, we think the court would have had the right to consider the appointment of a receiver at said time. *John Hancock Mut. Life Ins. Co. v. Linnan*, supra. Under the record in this case, where the application for the receiver was made at the time the action in foreclosure was commenced, and the dismissal was without prejudice, and with express reservation of the right to renew said application at a later time, and the court recognized this right in its decree, we think that the legal effect of this record was to work a continuance of the case as to a renewal of the application for a receiver when the further proceedings in the case disclosed that said application would be appropriate and proper. It is to be observed that the application for the receiver was in the original action, and was a renewal of the original application, the right to which was reserved.

In many jurisdictions the courts recognize the power of the court to appoint a receiver in a mortgage foreclosure case after a decree and sheriff's sale where a deficiency appears, even though no application for the appointment of a receiver was contained in the original petition. *Sellers v. Stoffel*, 139 Ind. 468 (39 N. E. 52) ; *Christian v. Jewell*, 82 Colo. 222 (257 Pac. 1082) ; *Schultz v. Stiner*, 97 Kan. 555 (155 Pac. 1073) ; *Kreling v. Kreling*, 118 Cal. 421 (50 Pac. 549) ; *First Nat. Bank v. Illinois Steel Co.*, 174 Ill. 140 (51 N. E. 200) ; *Harris v. United States Sav. F. & Inv. Co.*, 146 Ind. 265 (45 N. E. 328) ; *Philadelphia Mtg. & Tr. Co. v. Goos*, 47 Neb. 804 (66 N. W. 843) ; *Schreiber v. Carey*, 48 Wis. 208 (4 N. W. 124, 131) ; *Nash v. Meggett*, 89 Wis. 486 (61 N. W. 283) ; *Moran v. Johnston*, 26 Gratt. (Va.) 108 ; *Enochs v. Wilson*, 11 Lea (Tenn.) 228 ; *Syracuse City Bank v. Tallman*, 31 Barb. (N. Y.) 201 ; *Smith v. Tiffany*, 13 Hun (N. Y.) 671 ; *Astor v. Turner*, 11 Paige's Ch. 436 (5 N. Y. Ch. 189). In some of these cases statutory provisions have affected the decision, but the general rule of the right to apply for a receiver in a foreclosure case, after judgment and decree, is recognized.

The appellees contend that this cannot be applied in the

instant case, because of the rule in this state that a plaintiff cannot be permitted to split his demand, where it arises out of one cause of action, and to maintain separate suits upon the dissevered parts. We have recognized this general rule and applied it in a variety of cases. For example, we have held that a plaintiff may not assign a part of an account and sue on the unassigned part without joining the assignee. *Kinart v. Seabury Co.*, 191 Iowa 937, and cases cited; *New England Equitable Ins. Co. v. Boldrick*, 192 Iowa 763.

In the case at bar, the appellant held a note, which was secured by the mortgage in question. We have long recognized the rule that the holder of such a note may sue directly on the note in a law action, and recover judgment, and that he may thereafter maintain a separate action for the foreclosure of the mortgage given to secure said indebtedness. In *Port v. Robbins*, 35 Iowa 208, we said:

"The law is well settled that a mortgage given to secure a *debt*, and not the note or bond or other *evidence* of it, remains a lien on the mortgaged property until the *debt* is paid; that no change in the form of the evidence or the mode or time of payment,—nothing short of *actual payment of the debt*, or an express release,—will operate to discharge the mortgage. The mortgage remains a lien until the *debt* it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt, or by a judgment at law on the note, merging the original evidence of indebtedness. [Citing authorities]."

In *Sloan v. Rice*, 41 Iowa 465, we said:

"The doctrine is that the mortgage will remain a lien until the debt be paid, unless it be properly released. And the lien of the mortgage will follow the debt into the hands of an assignee, though a new note be given to him therefor. * * * From these rules it follows that, as long as the debt exists, whatever changes the notes may undergo, the mortgage lien presumptively exists."

In *Freeburg v. Eksell*, 123 Iowa 464, we said:

"Under our statutes, the holder of a note and mortgage may, if he desires, secure judgment on his note at law, and

thereafter obtain the foreclosure of a mortgage made to secure the note in equity.''

See, also, *Matthews v. Davis*, 61 Iowa 225; *Sigworth v. Meriam*, 66 Iowa 477.

The mortgage lien in this case, therefore, existed even after the debt had been reduced to judgment, and existed until the debt was paid or the security exhausted. The mortgage involved herein gave the appellant security of a twofold nature: the primary security against the real estate and the secondary security against the rents and profits. Whether resort would be necessary at all to the secondary security depended upon the amount derived from the primary security. Appellant instituted its action for foreclosure of the mortgage, asking therein relief by the subjection of both forms of security to the payment of the debt. It dismissed the claim for the appointment of a receiver at the time, with the express reservation, both in the written dismissal and in the decree, of the right to renew the application in the same action. As before noted, the renewal was made in pursuance of said reservation, and in the original action. We do not deem this any more, in effect, than a continuance of the question of a receivership until it was determined by execution and sale whether resort must be had to the rents and profits, and whether an application for a receiver would be necessary. There was, therefore, no splitting of a cause of action so as to bar the appellant of its right, under the record as made, to renew its application for the appointment of a receiver. As bearing somewhat on this question see *Finnegan v. Campbell*, 74 Iowa 158; *Donahue v. McCosh*, 81 Iowa 296; *Purslow v. Jackson, Patterson & Co.*, 93 Iowa 694.

Appellee contends that, under the rule of *Doeksen v. Doeksen*, 202 Iowa 489, the court lost jurisdiction at the time the decree of foreclosure against the real estate was entered, and could not continue the case as to receivership. The *Doeksen* case was one involving a divorce, where there was no personal service on the defendant and no appearance, and the court granted a divorce, and continued the case as to alimony. We said:

''Whether or not, if the court had had jurisdiction of the subject-matter of alimony between the parties, it could have awarded a decree of divorce, and continued the cause for further

determination as to the amount and time of payment of alimony, is an entirely different question from the one before us, and is not involved in the decision of this case. There are cases holding that, where the court has jurisdiction *in personam* in a divorce action, and alimony is prayed for, a divorce may be granted, and the question of the amount of alimony to be awarded may be reserved in the decree for future determination.''

It is obvious that the case is not in any way inconsistent with our holding in the instant case, but quite the contrary.

· Upon this record, we think the court erred in sustaining the motion of appellees to strike appellant's application for appointment of receiver. Appellant was entitled to a hearing upon his application, and this the court should have granted. The order of the district court is—*Reversed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.