FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO, Appellant, v. CAROLINE PARKER et al., Appellees.

No. 45104.

JUNE 18, 1940.

Cornwall & Cornwall, for plaintiff, appellant.

Heald & Heald, for Caroline Parker et al., defendants, appellees.

Alden D. Avery, for Clay County, defendant, appellee.

MITCHELL, J.—On November 4, 1922, George H. Parker now deceased and Caroline Parker, his wife, executed to the First Trust Joint Stock Land Bank of Chicago their promissory note in the amount of $11,000 and secured the note by a first mortgage on a certain quarter section of land located in Clay county, Iowa.

The mortgage contained the usual covenants that costs and attorney fees in case of suit shall be paid by the makers of the mortgage of their successors or assigns and further provided that the makers shall "keep the buildings thereon in good repair and insured to the full insurable value in insurance companies acceptable to the said Party of the Second Part or its successors or assigns and shall assign and deliver to it all policies of insurance on said buildings and the renewals thereof; and in case of failure to do so, the said Party of the Second Part or its successors or assigns may * * * effect such insurance; and the amounts paid therefor, with interest thereon from the date of payment, at the rate of eight per cent per annum, shall be collectible with, as a part of, and in the same manner as, the principal sum hereby secured."

The mortgage further provides that the makers thereof agree that in case of default in payment of any of the principal sum or any installment or interest or "in the performance of any of the covenants or agreements herein contained," then at any time the holder of the mortgage may declare the entire debt due immediately and may proceed with foreclosure of the mortgage, and in case of foreclosure, costs and expenses incurred by the bank shall be included in the judgment or decree.

George H. Parker, who executed the note and mortgage involved, died intestate on December 29, 1933, and petition for probate of his estate was filed in the probate court of Clay county, Iowa, on January 13, 1934, and letters of administration issued on the same day to George E. Parker as administrator. Notice to creditors was given on January 18, 1934, and among the assets of his estate is listed the land encumbered by the plaintiff's mortgage.

On July 10, 1934, there was owing to plaintiff an unpaid balance of principal of $9,740.88 with delinquent interest and installments of principal from November 1, 1931, in the total sum of $2,402.96, and under the terms of the mortgage, plaintiff elected to declare the entire balance immediately due and payable and proceeded with foreclosure and filed petition accordingly.

Through an arrangment with the Hartford Fire Insurance Company the plaintiff carried a master policy of insurance on all of its mortgaged property, and if the insurance on any of its mortgaged farms lapsed, a rider was attached to this master policy to protect the plaintiff during the negotiations with the owner. If the insurance was reinstated by the owner, no charge was made under the master policy. Prior to January 13, 1934, the insurance furnished lapsed and no insurance was furnished to the plaintiff, and on that date a rider was attached to the policy covering the buildings on the mortgaged premises, and the premium on the policy was paid on July 16, 1934.

On January 10, 1934, plaintiff filed its petition asking foreclosure of the real-estate mortgage, executed by George Parker and Caroline Parker, and for personal judgment against Caroline Parker. Later by amendment it asked judgment for the additional amount of $258.30, alleging that it had paid that amount for fire insurance, which it had a right to do under the provisions of the mortgage.

On June 21, 1934, the plaintiff filed in the Parker estate a petition for allowance of claim. It sought the amount due on the note and mortgage together with 7 percent interest. The Parker estate resisted the allowance of the claim, and after a hearing Judge Davidson entered an order fixing the amount due on the note and mortgage.

Although the plaintiff had taken out the insurance prior to the filing of the claim in the Parker estate, it did not seek to have the amount of the premium it had paid added to the amount due on the note and mortgage. The lower court rendered a decree foreclosing the mortgage and entered personal judgment against Caroline Parker for the full amount of the note plus interest at 7 percent and for costs including the statutory attorney fee. The lower court, however, refused to allow the amount paid for the insurance by the plaintiff in the sum of $258.30. The plaintiff has appealed.

The sole question which confronts us is whether the lower court erred in denying the right of the First Trust Joint Stock Land Bank to recover the additional amount of $258.30, paid

by it for the insurance premiums on the policy covering the building located on the land covered by the mortgage.

The appellant cites and relies on the case of Equitable Life Insurance Co. v. Rude, 205 Iowa 1273, 1279, 218 N. W. 42, 45, in which this court quotes from the case of Port v. Robbins, 35 Iowa 208, as follows:

" 'The law is well settled that a mortgage given to secure a debt, and not the note or bond or other evidence of it, remains a lien on the mortgaged property until the debt is paid; that no change in the form of the evidence or the mode or time of payment,—nothing short of actual payment of the debt, or an express release,—will operate to discharge the mortgage. The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt, or by a judgment at law on the note, merging the original evidence of the indebtedness.' "

We have no fault to find with the cited case, but it is not controlling in this case for the right to foreclose the mortgage is not questioned. The appellant saw fit to file its note and mortgage as a claim against the George Parker estate, as it had a perfect right to do.

There was a resistance filed by the administrator, issue was joined and that cause proceeded to trial, and on May 1, 1936, one of the judges of the 14th judicial district of Iowa fixed the amount due on the note and mortgage. No appeal was taken. At the time that the claim in the Parker estate was filed, the appellant had already paid the $258.30 insurance premium, but it was not included in the claim. The amount which appellant claims to have advanced for insurance was a part of the indebtedness under the note and mortgage and as such was provable as a claim against the estate of George Parker.

In the estate proceedings, trial was had as to the amount due on the note and mortgage. The parties involved were the same as in this case. The court there had jurisdiction of the

persons and the subject matter. The appellant is bound by the result in that case and is estopped from making claim for any advancement made under its mortgage prior to May 1, 1936. It necessarily follows that the judgment and decree must be and it is affirmed.—Affirmed.

HAMILTON, C. J., and SAGER, STIGER, HALE, MILLER, BLISS, and OLIVER, JJ., concur.