Equitable Life Insurance Company of Iowa, Appellee, v. Homer A. Carpenter et al., Appellants.

MORTGAGES: Foreclosure—Receivership—Adequate Showing. The appointment of a receiver in mortgage foreclosure is proper when it appears (1) that the rents were pledged up to the close of the redemption period; (2) that the lands afford inadequate security; (3) that waste is impending; and (4) that the mortgagors are nonresidents, and are presenting no defense. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

Headnote 1: 27 Cyc. pp. 1624, 1625, 1626.

Headnote 1: 26 A. L. R. 33; 36 A. L. R. 609; 19 R. C. L. 561.

*Appeal from Poweshiek District Court.*—Charles A. Dewey, Judge.

July 1, 1927.

Action for the foreclosure of a mortgage upon real estate and for the appointment of a receiver. The grantee of the mortgagor was made a party to the action, and resisted the appointment of a receiver. The trial court appointed a receiver, as prayed, and the grantee appeals.—*Affirmed.*

*Reed & Reed,* for appellants.

*Henry & Henry* and *Bechly, McNeill & Scovel,* for appellee.

Faville, J.—One Carpenter owned a farm of 240 acres in

Poweshiek County. The appellee held a mortgage on said premises for the principal sum of $24,000. The mortgage was in default, and there is no question of the appellee's right to a foreclosure of the same against the real estate. In October of 1925, Carpenter and his wife executed to the appellant bank a quit-claim deed to said real estate, and shortly thereafter held a public sale upon said premises, and then removed to Dakota, taking a carload of personal property. The mortgage contained the following clause:

"It is further agreed that the rents, issues and profits of said property are also pledged as security for the payment of the indebtedness above mentioned; and upon the maturing of said indebtedness, whether occasioned by lapse of time or by the occurrence of any of the defaults above mentioned, the mortgagee or its assigns, shall be at once entitled to the possession of the mortgaged property, and any court having jurisdiction in any suit to foreclose this mortgage shall have the power and right to appoint a receiver to collect the said rents, issues and profits arising from said property during such foreclosure suit, and during the year allowed by law for redemption after judicial sale, and apply the net profits thereof after deducting all costs of such proceedings, upon the indebtedness secured hereby."

By an amendment to the petition it is alleged that the buildings and improvements on said premises have not been kept in good repair; that there is danger that waste will be committed; that the mortgagors Carpenter have no property in the state of Iowa, and have removed from the jurisdiction of the courts of this state; that the taxes are delinquent; that the whereabouts of Carpenter are unknown to the plaintiff (appellee). Appellants' brief contains the following frank statement:

"The appellant concedes that the showing made by the mortgagee discloses that the value of the mortgaged premises is not any more than sufficient to pay the mortgage debt, and that the security is, in fact, inadequate."

The sole question involved in this appeal is whether or not, upon the record made, the court erred in appointing a receiver. Appellants' contention is that, so far as the record shows, Carpenter *may* be the owner of other land or personal property,

and that the proof of insolvency was not sufficient to justify the appointment of a receiver.

Even where the rents and profits are pledged as security for the mortgage indebtedness, and the mortgage provides by its terms for the appointment of a receiver in the event of foreclosure, it is the general rule that the appointment of a receiver rests within the sound discretion of the court, to determine whether such appointment is necessary and proper, under all the circumstances. *Young v. Stewart,* 201 Iowa 301; *Sheakley v. Mechler,* 199 Iowa 1390. We are satisfied from the record that the real estate in question is inadequate security for the mortgage debt. The pledge of rents contained in the mortgage was for the purpose of meeting this deficiency. The parties contracted that a receiver might be appointed for the premises in the event of foreclosure. It is true that there is no direct and positive testimony on the question of the insolvency of the mortgagors; but the mortgagors are not before the court; they are not parties to the action; no homestead rights are involved; and no claim made by the mortgagors that a receiver should not be appointed. The record discloses that the mortgagors have left the state; that jurisdiction cannot be obtained of them; and that no personal judgment can, of course, be entered against them in the proceeding. The record as a whole is quite sufficient to support an inference of insolvency on the part of the mortgagors, and in any event, the proof of the inadequacy of the real estate as security for the mortgage debt is established. The rents and profits were specifically pledged to secure the debt. Upon the entire record, we are satisfied that the court did not abuse the discretion vested in it in appointing a receiver to take charge of the rents and profits that were pledged by the mortgagor, and to apply the same, under the order of the court, to the satisfaction of the appellee's mortgage.

The decree of the trial court is in all respects—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.