UNION DAVENPORT TRUST & SAVINGS BANK, Appellee, v. MATT LYONS et al., Appellees; A. B. SHRIVER, Appellant.

442

June 26, 1928.

Phil R. Wilkinson and Leo C. Percival, for appellant.

C. E. Hamilton, for I. C. Welty, appellee.

H. H. Finney, for receiver, appellee.

WAGNER, J.—The plaintiff, Union Davenport Trust & Savings Bank, was the owner of a first mortgage against the real estate herein involved. The appellee I. C. Welty was the owner of a second mortgage against said realty. After the execution of the aforesaid mortgages, A. B. Shriver purchased the farm, the deed reciting: "Subject to mortgages of record and back interest and taxes."

The plaintiff began its action for foreclosure of its mortgage, making Welty and Shriver parties defendant. Welty, by cross-petition, asked for the foreclosure of his mortgage. Shriver defended as against both mortgages. A clear statement of said contest may be had by reading the opinion on the appeal of said case found reported in 203 Iowa 104.

The decree, in so far as deemed material by the parties to this controversy, provides:

"That judgment in rem be, and the same is hereby, entered in favor of the Union Davenport Trust & Savings Bank in the sum of $4,520, with interest thereon at 6 per cent from this date, and judgment in rem be and the same is hereby entered in favor

of I. C. Welty in the sum of $3,556.20, with interest thereon at 6 per cent from this date, and that an attorney's fee be taxed in this case in the sum of $120.76, of which one half shall be taxed in favor of plaintiff's attorneys, and one half in favor of the attorneys for cross-petitioner, I. C. Welty.

"It is further ordered that a special execution issue for the sale of the mortgaged premises, to wit: [Here follows description of the real estate] to make said total sum and costs and accruing costs.

"It is further ordered, adjudged, and decreed that the lien of plaintiff in the said sum of $4,520 is a first lien on said real estate, and shall be first paid out of the proceeds in the hands of the sheriff, after payment of costs of foreclosure and accruing costs, and that the balance remaining in the hands of the sheriff shall be paid to the cross-petitioner, I. C. Welty, on his judgment herein.

"It is further ordered that H. H. Finney be and he is hereby appointed a receiver to take possession of the mortgaged premises as of March 1st, 1926, and he is authorized to lease the same, and out of the proceeds pay the costs of receivership, the taxes on said real estate, and apply the balance on deficiency judgment, if any, and report his actions to this court; his bond as receiver being fixed at $1,000."

On May 20, 1926, the real estate was sold on special execution to the plaintiff, for the amount due on its judgment and all costs. No redemption was made from said sheriff's sale, and a sheriff's deed has been executed unto the plaintiff. The receiver duly qualified, took possession of the real estate, and rented the same for the year beginning March 1, 1926; and, after allowing certain amounts for compensation and credits,—concerning which there is no contention,—he has a balance in his hands of $291.30, and has made his final report accordingly. It is this sum that is involved in the present litigation, both Shriver and Welty claiming the same. The trial court determined the proposition in favor of Welty, and Shriver appeals.

Neither the plaintiff in said foreclosure suit nor Welty had a judgment *in personam*, but only a judgment *in rem*. What constituted the *res* affected by the judgment provided for in the decree? The foregoing decree is by no means a model, and the contest, as between the parties hereto, must depend upon a con-

struction thereof. Said decree establishes the amount of plaintiff's claim, and also the amount of Welty's claim, finding that the plaintiff's claim is the first lien. It provides for the issuance of a special execution, and that plaintiff's claim shall be first paid, and that the balance of the sale price remaining shall be paid to Welty on his judgment. This is in accord with the provisions of Section 12380 of the Code of 1924.

Relative to the receivership, it provides that the receiver shall take possession of the real estate and lease the same, and out of the proceeds pay the costs of receivership and the taxes on said real estate, and apply the balance on deficiency judgment, if any.

In a previous portion of the decree it is provided:

"That judgment *in rem* be, and the same is hereby, entered in favor of the Union Davenport Trust & Savings Bank in the sum of $4,520, etc., and judgment *in rem* be, and the same is hereby, entered in favor of I. C. Welty in the sum of $3,556.20," etc.

This fixes the amount owed to each, the plaintiff and Welty. There can be no doubt that the proper construction to be placed upon the words "deficiency judgment," in the latter portion of the decree, refers to what is denominated "judgments *in rem*," in the foregoing quoted portion of the decree: that is, the amounts owed to plaintiff and Welty.

The court, in the foreclosure proceedings, had jurisdiction over both the real estate and the rents and profits thereof. The real estate and the rents and profits, all being security for the payment of the indebtedness secured by the mortgages, constituted the *res* involved in the foreclosure proceedings; and when the court appointed a receiver, the court, through its officer, took hold of the rents and profits, a portion of the *res,* and ordered that the same be applied upon any deficiency in payment of the amount required to pay the claim of either the plaintiff or the cross-petitioner, Welty, after the sale of the real estate on special execution.

There is no deficiency in so far as the indebtedness of the plaintiff is concerned. No portion of Welty's claim has been paid. Therefore, as to it there is a deficiency. The plaintiff, the cross-petitioner, Welty, and the defendant Shriver were all parties to the foreclosure suit, and personally appeared, and are all bound by the decree heretofore rendered.

The order and judgment of the trial court is clearly correct, and the same is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.