FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO, Appellant, v. GEORGE W. BEALL et al., Appellees.

No. 39454.

JUNE 24, 1929.

REHEARING DENIED SEPTEMBER 30, 1929.

*H. Haehlen* and *E. R. Acres*, for appellant.

*William S. Hart* and *G. B. Richter*, for appellees.

FAVILLE, J.—I. One Beall owned about 400 acres of land. On April 19, 1924, he mortgaged said premises to the appellant, to secure $22,000 and interest. Default was made in payments

 due under said mortgage, and on October 11, 1927, the appellant brought suit for the foreclosure of its mortgage. The mortgage contained a provision pledging the rents and profits of the said real estate as security for the debt, and providing that, in case of foreclosure, the holder of the mortgage would be entitled to have a receiver appointed, to take possession of the premises and collect the rents of said real estate and apply the same upon the payment of said debt. The petition prayed for the appointment of a receiver. The cause proceeded to trial, except as to the receivership, and a decree of foreclosure was entered on October 27, 1927, and the property ordered sold under special execution. Said decree provided that the issue as to the appointment of a receiver of the mortgaged premises should be determined later. A special execution was issued, and the mortgaged premises were sold December 24, 1927, to the appellant, for the sum of $22,000. The amount due after sale was $2,023.21. After execution sale, the appellant filed an amendment to its application for the appointment of a receiver, alleging the fact of said sale under said decree of foreclosure and of the existence of the deficiency judgment. A resistance to the application for the appointment of a receiver was filed by the appellees, and a hearing had on said matter on July 19, 1928. The court entered an order denying the appointment of a receiver, and it is from this order that this appeal is prosecuted. The mortgagor, Beall, makes no defense. The appellee Hart is receiver of the Bank of Rossville, and holds an unsatisfied judgment against the mortgagor, Beall, dated subsequently to the appellant's mortgage. The appellee Irwin is receiver of the Peoples National Bank of Waukon, and as such receiver, he had in his possession a deed executed by the mortgagor, Beall, dated December 2, 1926, purporting to convey the lands in question, and reciting a consideration of $1.00, and with the space for the name of the grantee blank. He also had in his possession a mortgage upon said premises dated April 22, 1924, executed by said Beall to one Bieber, reciting a consideration of $16,000, and covering the said described real estate; and accompanying the same was a note for $16,000, bearing said date of April 22, 1924. There was offered in evidence a written lease dated October 10, 1927, wherein the receiver of said Peoples National Bank was the lessor, and

one Schiff was the lessee, said lease being for about one half of the premises in controversy, and purporting to lease the said land from March 1, 1928, to March 1, 1929. Said lease, however, it appears was not executed or acknowledged until October 21, 1927, after the foreclosure action was commenced. The evidence upon the hearing for the appointment of a receiver sufficiently establishes that the mortgagor, Beall, was insolvent.

It is the contention of the appellees that the deed executed by the mortgagor, Beall, with the grantee blank, and left with the Peoples Savings Bank, was a valid conveyance of any interest the mortgagor had in said premises, and  that the lease of a portion of said premises by the receiver of the bank in whose custody said deed was placed was a valid assignment of the rents and profits accruing from a portion of said premises, and superior to appellant's rights thereto under its mortgage. The mortgagor was not a witness, and the evidence is not altogether clear or satisfactory with regard to the said deed. One witness testified that he was present when the deed was executed by Beall, the mortgagor, and that it was delivered to one Bieber. The receiver of the bank, who had said deed in his custody, testified that it was part of his files as receiver of said bank, and that he, as receiver, claimed an interest therein, and that the estate of Bieber also claimed an interest in it. The record does not sufficiently disclose who, if anyone, was ever intended as grantee in the deed in question. No name was ever inserted in said deed as grantee. For the purposes of this appeal only, we find that the evidence is insufficient to show that any title passed under said deed to the Peoples National Bank or to Bieber, and therefore there is no showing that the lease executed by the receiver of the bank was of any validity. Furthermore, said lease was executed after the appellant's action was begun in which it prayed for appointment of a receiver, although it was antedated. At this point we hold that there was no showing of such a transfer of the property or assignment of the rents and profits as gave to the appellees a right in the rents and profits superior to the right of the appellant therein.

II. The vital and important question in this case is whether or not, upon the showing made, the appellant was entitled to the appointment of a receiver for the premises. Evidence was of-

fered with regard to the value of the real estate in question. Under the situation in this case, the value of the real estate is only material as it affects the question of the extent of appellant's security. The appellant's interest in said real estate, under its mortgage, was only to the extent of the security which the real estate afforded for the payment of the appellant's note. The value of the real estate as such security—that is, the extent that the appellant can rely thereon for the satisfaction of its debt against the mortgagor—has now been definitely fixed and determined. *That* security has been fully exhausted in the manner prescribed by law. Appellant has foreclosed its mortgage upon said premises, and the same have been sold at execution sale. Thereby the real estate, as security for the appellant's debt, has been entirely exhausted. There still remains a balance due upon the appellant's debt. The rents and profits arising from said real estate were also pledged in the mortgage as security for the said debt. Under our repeated holdings, the appellant had no lien upon said rents and profits, and could not subject the same to the payment of its debt until it instituted foreclosure proceedings wherein it prayed the appointment of a receiver. *Louis v. Hansen,* 205 Iowa 1216; *Equitable Life Ins. Co. v. Rood,* 205 Iowa 1273; *John Hancock Mut. L. Ins. Co. v. Linnan,* 205 Iowa 176; *Keokuk Tr. Co. v. Campbell,* 205 Iowa 414; *Lynch v. Donahoe,* 205 Iowa 537. It is also a prerequisite to the establishment of a lien upon the rents and profits, and to the right to the appointment of a receiver, that the mortgagee shall establish the insolvency of the debtor and the insufficiency of the real estate security to satisfy his claim. *Des Moines Joint Stock Land Bank v. Danson,* 206 Iowa 897.

The appellant has legally exhausted one of the securities that was pledged to him for the payment of his obligation, to wit, the real estate. Is he entitled to pursue the remedy given him by the mortgage to satisfy the balance due him on his obligation against the other security pledged to him for said debt, to wit, the rents and profits? The situation presented is not one where the hearing on the application for the appointment of a receiver is made *before* the sale of the real estate and before there is any definite determination of the value of that portion of the security. Where the application for a receiver is made under such circumstances before the real estate security has been exhausted,

the court must determine the necessity of resorting to the rents and profits from evidence as to the mortgagor's insolvency and the value of the real estate security. The proof as to value in such a case is often more or less uncertain and problematical, and a large discretion is vested in the trial court in deciding whether or not a receiver will be necessary and should be appointed to collect the rents and profits. *Young v. Stewart*, 201 Iowa 301. But such is not the situation in the instant case. It is now definitely fixed and determined that the total amount that may be realized out of the real estate security and applied upon the appellant's debt is $22,000. Whether the appellant or a stranger was the purchaser at the execution sale can make no legal difference in the effect. The sum of $22,000 was realized from the real estate security at the execution sale. That exhausted said security, so far as the appellant's rights in it are concerned. If he bid more than the value of the real estate at the execution sale, he is bound thereby, and cannot be heard thereafter to contend that the actual value was less than the amount which he bid. On the other hand, if appellant's bid was *less* than the value of the real estate, the mortgagor gets the benefit of the difference, in that his equity of redemption is more valuable.

We know of no way by which it could be more definitely and certainly determined how much the real estate security could produce to the satisfaction of the appellant's claim than by the legal process of subjecting the same to the satisfaction of said claim by foreclosure proceedings and execution sale. This is the one method provided by law by which the appellant could have recourse to said security to satisfy his claim. This method he has pursued, and he has exhausted said security. If he is in position to do so, he has a legal right to resort to the other security pledged by the mortgage, to wit, the rents and profits, to obtain the balance due him. This was the contract between the parties. Is appellant in a position to claim the right to resort to the rents and profits to obtain the balance due on his mortgage? Undoubtedly, at the time the mortgage was executed, both mortgagor and mortgagee believed that the value of the real estate was greatly in excess of the amount of the mortgage. It now appears that there is no such excess. In fact, there is a deficiency. This has been determined definitely and certainly, in the manner

provided by law. The amount of the real estate security that the appellant can apply upon his obligation is now definitely and certainly known. It is the sum of $22,000. There is still due upon his claim $2,023.21. We fail to find in the record any legal or valid reason why the appellant is not entitled to the appointment of a receiver to subject the rents and profits to the satisfaction of the balance remaining due upon his debt. The value of the real estate security is no longer a matter of dispute. Whatever may be its actual value, be it more or less than $22,000, *that* amount has been legally established as the amount derived from the real estate security to apply on appellant's claim. The insolvency of the mortgagor is established, under the record. We also find from the record that there had been no transfer or assignment of the mortgagor's interest in the rents and profits prior to the commencement of appellant's action wherein a receiver was sought. It therefore must follow that appellant acquired a lien upon the rents and profits superior to any rights of the appellees' therein. The extent of appellant's rights in the rents and profits is, of course, limited to the satisfaction of the balance due on its judgment, with the necessary costs incidental to the receivership.

It is argued that to permit the appellant to exhaust the real estate security and then obtain a receiver for the rents and profits and apply the same upon the unsatisfied balance of its claim is inequitable and oppressive. It is largely upon this ground that affirmance of the decree of the trial court is sought. We cannot so regard it. We cannot change the rule of law with respect to the foreclosure of mortgages and the sale of property at execution sale to meet the exigencies that arise by reason of fluctuations in land values. The parties made their contract. We cannot ignore its terms. The mortgagor pledged the real estate and the rents and profits as security for the mortgage debt. The real estate has been exhausted by legal process. The mortgagor is insolvent. There is a balance due the appellant. No third parties have any superior rights in the rents and profits. The mortgagor contracted that the rents and profits should stand as security for the balance due on appellant's claim. We see no legal or equitable reason why a receiver should not be appointed to collect the rents and profits to the extent of the balance due to the mortgagee. The fact of an unexpected depression in land

values or of the unanticipated insolvency of the mortgagor, while exciting our profound sympathies, cannot affect the legal rights of the parties.

We reach the conclusion that the trial court erred in denying the appellant's application for the appointment of a receiver to collect the rents and profits in question and to apply the same on the balance due on appellant's judgment. As bearing in some degree upon the questions herein involved, see *Sheakley v. Mechler*, 199 Iowa 1390; *Robertson v. Roe*, 203 Iowa 654; *Phelps v. Taggart*, 207 Iowa 164.

The order of the district court is—*Reversed*.

ALBERT, C. J., and EVANS, STEVENS, DE GRAFF, KINDIG, and GRIMM, JJ., concur.