INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION, Appellee, v. ESTATE OF A. P. NICHOLS et al., Appellants.

No. 40838.

OCTOBER 20, 1931.

F. H. Mackaman, for appellants.

Parrish, Cohen, Guthrie, Watters & Halloran, for appellee.

Bruce J. Flick, for Warren Ayres.

WAGNER, J.—The note and mortgage involved in this suit were signed by A. P. Nichols and his wife, Alice M. Nichols. The mortgage pledges the rents and profits of the real estate as security for the payment of the mortgage debt, and provides for the appointment of a receiver. At the time of the execution of the mortgage, the title to the real property was in A. P. Nichols, who, thereafter, on February 6th, 1930, and prior to the time of the commencement of this action, died. A few days before his death, he conveyed the property to his wife. The petition asks for the foreclosure of the mortgage and the appointment of a receiver. On June 10th, 1930, a judgment *in rem* was rendered, establishing the amount of the mortgage debt as a lien against the real estate and ordering the sale of the real property on special execution, to make the amount of said debt. The decree provides that the cause shall stand continued as to the question of receivership. Thereafter, sale of the real estate was had on special execution and the real property sold for $1000.00 less than the amount of the mortgage debt established

in the decree. The plaintiff then filed an amendment to its petition, alleging the aforesaid facts and that Alice M. Nichols, the owner of the property, is insolvent, and asks for the appointment of a receiver.

The appellant makes some contention that the petition and said amendment are insufficient to warrant the appointment of a receiver because there is no allegation of insolvency of the estate of A. P. Nichols, deceased. She filed a motion to dismiss on said ground, but on the same day filed her resistance and answer to the petition as amended. No ruling upon the motion to dismiss was made or requested. The filing of the resistance and answer constituted a waiver of the motion to dismiss. See Fisher v. Scholte, 30 Iowa 221; Bliss v. Watson, 208 Iowa 1199. Moreover, before the rendering of the decree appointing a receiver, the plaintiff filed an amendment to its petition, alleging the insolvency of the estate. It is therefore apparent that there is no merit in appellant's contention at this point.

The appellant contends that, since the judgment rendered in the foreclosure action was only a judgment *in rem* and not *in personam,* the appellee-mortgagee is not entitled to the appointment of a receiver to take charge of the rents and profits of the real estate and apply the proceeds thereof upon the mortgage debt established by the decree. The appellant is in error in her contention. The *res* pledged for the payment of the mortgage debt included the rents and profits, as well as the real estate itself. Union Davenport Trust & Savings Bank v. Lyons, 206 Iowa 441. For the payment of the mortgage debt, the real estate constituted the primary security and the rents and profits secondary security. See Equitable Life Insurance Company v. Rood, 205 Iowa 1273; First Trust Joint Stock Land Bank of Chicago v. Beall, 208 Iowa 1107. The position taken by the appellant would prohibit the appointment of a receiver to take charge of the rents and profits and apply the proceeds thereof upon the mortgage debt in every case where a judgment *in personam* is not rendered. This position is untenable, for according to our pronouncements, if it is established by the record that the real estate is inadequate as security and those liable upon the mortgage debt are insolvent, then the mortgagee may resort to the secondary security to wit, the rents and profits, in order to make the amount of the mortgage debt. Since the real estate

has been sold on special execution for $1000.00 less than the debt established by the decree, the inadequacy of the real estate as security has been legally, definitely and certainly established. First Trust Joint Stock Land Bank of Chicago v. Beall, 208 Iowa 1107.

The sole remaining question is, as to whether or not it is shown by the record that Alice M. Nichols and the estate of A. P. Nichols are insolvent. It is shown that Alice M. Nichols has not to exceed $5000.00, the proceeds of life insurance upon a policy or policies held by her husband, in which she was the beneficiary. Section 8776, Code, 1927, provides:

"The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars."

Since the mortgage debt was contracted prior to her husband's death, this money is exempt from liability therefor and said insurance money is not to be taken into consideration in determining the question of her insolvency. Kolb v. Mall, 187 Iowa 193, at 198.

By the terms and provisions of the will of her husband, the widow became seized and possessed of all his property. Under the record of this case if she has been shown to be insolvent, it conclusively establishes the insolvency of the A. P. Nichols Estate. A careful reading of the record convinces us that the insolvency of both the appellant, Alice M. Nichols, and the estate of A. P. Nichols has been established. To fully set out the evidence upon the question of the solvency or insolvency of the estate of A. P. Nichols and of the appellant, Alice M. Nichols, would be of no benefit to the profession and unduly extend the length of this opinion. The extent of the plaintiff's rights in the rents and profits is necessarily limited to the satisfaction of the balance due upon the mortgage debt as established by the decree, with the necessary costs incidental to the receivership. The action of the trial court in appointing a receiver is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF and ALBERT, JJ., concur.