J. P. OLSON, Appellee, v. AUGUST ABRAHAMSON, Appellee; FIRST NATIONAL BANK OF JEWELL, Appellant.

No. 41295.

MARCH 15, 1932.

Thomas & Loth, for appellee.

F. J. Lund, for appellee August Abrahamson.

Martin & Alexander, for appellant.

DE GRAFF, J.—The instant appeal is from a ruling of the trial court on a motion of the plaintiff J. P. Olson, mortgagee, determining the distribution of the rents in the hands of the receiver from certain mortgaged real estate. The parties defendant in the foreclosure action are August Abrahamson, defendant landowner and mortgagor, and the defendant First National Bank of Jewell, Iowa, an attaching creditor. We are not concerned with the foreclosure decree entered April 6, 1931, as there was no appeal taken by anyone from the provisions of said decree.

It appears that prior to the trial on the foreclosure proceeding, a receiver was appointed under a stipulation signed by all parties to the action, and the court entered of record an order, as per terms of said stipulation, on September 24, 1930. This provided, *inter alia*, that one John E. Glaman should be the receiver with power vested in him to lease the Hamilton County farm for one year, commencing March 1, 1931; that said lease was subject to further order of the court and should be valid and binding without the further approval of the court; that the rental of the mortgaged premises to Robert J. Jensen should be on a cash rental basis of $700 payable January 1, 1932.

The decree of foreclosure was in favor of the plaintiff Olson, and in said decree the court specially retained jurisdiction of the cause for the purpose of further directing the distribution of the rent that would come into the hands of the receiver.

It is further shown that the mortgaged real estate was sold on special execution and that the sheriff's sale thereof produced less than the amount of plaintiff's judgment, leaving a deficiency in the sum of $458.13. It may further be recited that the order entered by the court September 24, 1930, as to the receivership matter, provided that the receiver shall hold the lease or any rentals to be collected by him until the final termination of the foreclosure proceeding, and then turn it over to such of the parties in the proceeding as the court may ultimately order or direct; that the stipulation and the appointment of a receiver

shall be without prejudice to any of the parties, "the sole intent being to provide for the renting of said premises for who may ultimately be entitled to such rentals"; and that the plaintiff Olson is given the right, pending the final determination of this suit, to pay any interest on the first mortgage that may hereafter become payable, and any taxes that may hereafter become delinquent, and that the plaintiff Olson shall recover in the foreclosure suit a judgment and decree for such sums as may be advanced by him, plus 8% interest from the time of each advancement, and that the plaintiff shall be entitled to said decree regardless of whether or not he prevails in the foreclosure action, and, if he does prevail, the amounts thus advanced with interest shall be added to the amount otherwise due him; nevertheless, if he does not prevail he shall be entitled to judgment and decree for the amounts thus advanced.

On May 22, 1931, the plaintiff Olson filed a motion for order as to said lease, in which motion it is recited that pursuant to the decree of foreclosure the premises were sold and that there remains unpaid a deficiency judgment, as aforesaid, and recited the material matters contained in the stipulation aforesaid, and that the receiver rented said premises, as aforesaid, with a special reference to the plaintiff's right to pay the interest on the first mortgage and the taxes which might become delinquent, and that said amounts, if any, should be added to the amount for which the plaintiff might recover judgment; that pursuant to said stipulation and order, the plaintiff has paid as follows: February 2, 1931, delinquent taxes, $105.06, March 2, 1931, the balance of delinquent taxes, $30.00, and on April 2, 1931, interest on first mortgage, $247.50, or a total in taxes and interest in the sum of $382.56; that the plaintiff Olson is willing to take said lease at its full value of $700, and apply the same on the items heretofore stated, and that no rights of any party hereto would be infringed, and that the expense in the receivership would be saved to all parties, if the receiver should turn over the lease to the plaintiff as so much cash, and wind up the receivership.

The prayer of the movant Olson was that the receiver be ordered forthwith to turn over and assign to him the lease, and that he be reimbursed for the amount advanced by him in the sum of $382.56, and that the balance of the $700 rental, to wit,

$317.44, be applied on the deficiency judgment. The aforesaid motion was consented to in writing by the defendant mortgagor August Abrahamson.

At this point the legal quarrel begins as between plaintiff-appellee Olson and the appellant First National Bank of Jewell. The bank filed a resistance to said motion, and it is recited therein that the bank obtained a sheriff's deed, duly recorded, to the mortgaged property on May 21, 1931, and that by reason of said deed the defendant bank (appellant herein) is entitled to the rents, issues and profits for the year 1931, which will accrue to the receiver. Plaintiff Olson then filed a reply to the resistance of the defendant bank in which it is recited that the sheriff's deed obtained by the defendant bank was obtained long after the commencement of the foreclosure action and the application for a receiver, and that the plaintiff's right to the appointment of a receiver relates to the time of the commencement of the foreclosure action, and that the defendant bank could not, by obtaining the sheriff's deed thereafter, acquire any right to the rents prior and senior to the rights of the plaintiff, and that the defendant bank has no interest in the subject matter of the receivership, inasmuch as it affirmatively appears that the rentals cannot yield an amount sufficient to pay the claims of the plaintiff, which are prior and senior to the rights, if any, of the defendant bank.

It further appears that on July 7, 1931, the defendant bank filed a motion to strike plaintiff's reply. On the same date, the said matter came on for hearing, and during the colloquy between counsel of the respective parties and the court, it was stipulated that the sheriff's deed in possession of the defendant bank should be considered in evidence. It was further stipulated that the items in plaintiff's motion, respecting taxes and interest, were paid by plaintiff Olson. On July 21, 1931, the trial court ruled the above matter, sustaining plaintiff's motion, and ordered that the receiver forthwith turn over and assign to plaintiff the written lease in question, and when the lease is so assigned, credit should be given upon plaintiff's claim to the amount of $700, of which $382.56 should be applied on plaintiff's advances for interest and taxes, and the balance should be applied on the deficiency judgment,-plaintiff, however, to pay all

charges and expenses allowed to the receiver. This ruling, after due exception, is the provocation of the instant appeal.

In the argument of the appellant bank it is said that the appellant objects to that portion of the ruling which awarded the proceeds of the receivership to the plaintiff Olson to the extent of $382.56 as a reimbursement for taxes and interest paid by Olson. This contention and claim is made by the appellant bank on the legal theory stated by it, that a person who forecloses a mortgage and takes a deficiency judgment, can only obtain the benefits accruing from the appointment of a receiver to the extent of the deficiency judgment. In brief, the appellant contends that the plaintiff Olson can only have one judgment in this action and when that judgment was entered on April 6, 1931, satisfied in part by the sheriff's sale and deficiency judgment later satisfied, the plaintiff's rights are at an end.

The appellant seems to overlook the stipulation previously signed by all the parties and the reservation made by the court in the order and decree in said cause. It may be observed that the plaintiff's motion and the bank's resistance thereto were heard before the same Judge who presided at the original foreclosure proceeding, and that the submission of the instant motion was made on all the files and records in the cause. Furthermore, the sheriff's deed to the bank was stipulated into the evidence upon the hearing of the instant motion. It is undisputed that the bank had been made a party to the foreclosure action, and that the bank's (creditor's) lien, which culminated in the sheriff's deed, was originally decreed by the court junior to plaintiff Olson's rights. The rents in the instant case were pledged in the Abrahamson mortgage, and the land having been sold for less than the mortgage debt, plaintiff was entitled to the rent to pay the deficiency judgment, since it appears that the mortgagor Abrahamson was insolvent. See Sheakley v. Mechler, 199 Iowa 1390; Fellers v. Sanders, 202 Iowa 503; First Tr. J. S. L. Bank of Chicago v. Beall, 208 Iowa 1107; Interstate B. M. A. Assn. v. Nichols' Estate, 213 Iowa 12. In fact, the bank's resistance to plaintiff's motion raises no question of the debtor's insolvency, and its pleadings in the case are consistent only with his insolvency. American C. & S. Bank v. McCammond, 213 Iowa 957.

The bank's non-liability upon the note does not permit

it to deprive the plaintiff-mortgagee of the rents pledged by the mortgage by taking a deed to the land after the foreclosure was begun. The plaintiff's right to the rents was fixed when it began the foreclosure action and therein prayed for a receiver, and the bank's deed thereafter could not deprive the plaintiff of that right, especially when that deed was the mere culmination of a lien already adjudicated junior to plaintiff's mortgage. Interstate B. M. A. Assn. v. Nichols' Estate, 213 Iowa 12; Davenport v. Thompson, 206 Iowa 746; Hakes v. North, 202 Iowa 324; Kooistra v. Gibford, 201 Iowa 275.

■ The trial court did not adjudicate plaintiff Olson's right to reimbursement of the advances for interest and taxes in the foreclosure decree, but reserved the right to direct later the application of the rent. The payments were not directed or made until after the original submission of the cause, and were, therefore, within the terms of the reservation in the decree, and clearly the court properly ordered the rents applied in accordance with the stipulation and order based thereon. Hakes v. Phillips, 204 Iowa 603; Hargrave v. City of Keokuk, 208 Iowa 559.

■ The trial court committed no error in treating the lease as $700 cash, and ordering it awarded to plaintiff Olson, who was entitled at that time to more than $800. First Tr. J. S. L. Bank v. Ogle, 208 Iowa 15. Under the stipulation of record, the equitable right of plaintiff Olson to reimbursement for the advances made, under order of court, is quite plain. As pointed out, the right to deal with the stipulation was expressly reserved in the decree of foreclosure. This reservation clearly means that there was no adjudication against the plaintiff mortgagee. In brief, the reservation is an adjudication of plaintiff's right to seek the advance payments later.

"The express reservation in the decree itself was as much *res adjudicata* as any other matter determined by said decree." Hargrave v. City of Keokuk, 208 Iowa 559.

See, also, Equitable L. I. Co. v. Rood, 205 Iowa 1273. The fact that plaintiff's bid at the foreclosure sale relieved the land from any further lien of plaintiff's judgment does not prevent plaintiff from recovering from the receiver the advances made by Olson. Union Cent. L. I. Co. v. Eggers, 212 Iowa 1355. When a stipulation is made for payment of prior taxes and in-

terest, and, relying on their being thus paid, the mortgagee bids on the land, even the full amount of his claim, the receiver must pay said advancements. Cedar Rapids Nat. Bank v. Todd, 199 Iowa 957.

We conclude, therefore, that the ruling of the trial court on plaintiff's motion was correct.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.