FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. CHARLES C. FERGUSON et al., Appellees.

No. 43161.

MAY 12, 1936.

Cornwall & Cornwall, for appellant.

W. J. Allen, for appellees Charles C. Ferguson, Mabel F. Ferguson, Perry Trimble, and Mrs. Perry Trimble.

Joseph Hand, for appellee Palo Alto County, Iowa.

HAMILTON, J.—The legal aspects of the question presented

by this appeal under the emergency moratorium statutes are a little different from any that have heretofore been presented or passed upon by this court. Apparently, the parties have been in no hurry about having the matter determined. Chapter 182, Acts of the 45th General Assembly became effective February 9, 1933. This foreclosure suit was commenced December 6, 1933, and this question on appeal was presented to this court on March 17, 1936. From aught that appears from the record, our determination of the question at this late date may or may not be of beneficial result to appellant. The strong probabilities are that no beneficial results would follow if appellant's contention were sustained. The question arose as follows:

The makers of the note and mortgage, who were the owners of the land covered by the mortgage, on December 15, 1934, made application to the court for a continuance of the cause until March 1, 1935, under the provisions of chapter 182 above referred to. No formal resistance to the granting of the continuance was made. The matter was submitted to the court on February 2, 1935, and at that time the plaintiff for the first time, by motion dictated into the record, asked the court to either appoint a receiver or fix the time and place of hearing on the application of the plaintiff as contained in its original petition asking that a temporary receiver be appointed for the purpose of taking charge of the premises, collecting the rents and profits therefrom during the year 1934, and in connection with said request plaintiff offered to make a showing to the court as to the rental value of the premises for the year 1934 and as to the quantity of crops raised on the premises; that said premises for the year 1934 had been occupied by tenants under a lease from the defendants, Fergusons, and that the lease was still held by said defendant debtors, Fergusons, the specific contention of the plaintiff being that the right of the court to fix the rental under the application for continuance should be confined to the period commencing with the date of the filing of said application, to wit, December 15, 1934, and ending with March 1, 1935, and that this should not affect the rights of the plaintiff to have a receiver appointed to collect and sequester the rents for the remaining portion of said year, that is, from March 1, 1934, to the date of the filing of the application for continuance. The court granted the continuance and overruled plaintiff's request for a receiver, fixed the

amount of rent which the defendant should pay from the rentals of 1934 at $275, and ordered the same paid to the clerk of the court under the provisions of chapter 182, and in passing on the motion held that when, under the showing made, a continuance must be granted, the application of the provisions of the moratorium statute superseded all other proceedings.

On February 28, 1935, a second application for continuance of the cause to March 1, 1937, was made under the acts of the 46th General Assembly, chapter 115, being Senate File No. 34. To this application plaintiff filed a resistance, raising the question of the constitutionality of the new law, and asserting that the emergency was over, and again asked for the appointment of a receiver to take charge of the premises and collect and sequester the rent for 1934. The court held the law constitutional and held that the court would take judicial notice of the acts of the legislature in declaring that an emergency did exist, and there being no good cause to the contrary shown, the court again granted the continuance with the reservation of the right to the plaintiff to make a future showing that the emergency no longer existed, and again denied plaintiff's right to the appointment of a receiver, and denied its request to have the matter set down for hearing and its offer to make a showing as to the rental value of the premises for the year 1934. It is from the orders of the court on the presentation of these applications for continuance in refusing to appoint a temporary receiver to collect and hold the rents for 1934 that plaintiff has appealed. On this appeal all questions raised below have been eliminated except this one question:

"Did the trial court err in refusing to fix a time and place and prescribe notice for hearing on the application for the appointment of a temporary receiver pending the final disposition of this case as asked by plaintiff in its petition?"

It has long been the holding of this court that even in a case where the rents and profits are pledged and stipulation in the mortgage provides for the appointment of a receiver, it is still within the sound discretion of the chancery court to determine whether the appointment of a receiver is necessary and proper, in view of all the facts and circumstances as disclosed by the record in the case. Sheakley v. Mechler, 199 Iowa 1390, 203 N. W. 929; Des Moines Gas Co. v. West, 44 Iowa 23; Young

v. Stewart, 201 Iowa 301, 207 N. W. 401; Equitable Life Ins. Co. v. Carpenter, 203 Iowa 1377, 214 N. W. 485.

Counsel for appellant in argument, and in the allegations of the plaintiff's petition, refer to what they term the plaintiff's chattel mortgage rights under its mortgage, and contend that they were entitled to have the chattel mortgage provisions enforced by foreclosure, regardless of the moratorium statute. As we view the record, this question is not before us. The mortgage, while referred to in the petition, is not set out in the record on this appeal, and it is not possible for us to determine whether or not the provisions contained in the mortgage were sufficient to constitute a chattel mortgage within the holding of this court in the case of Farmers Trust & Savings Bank v. Miller, 203 Iowa 1380, 214 N. W. 546; Soehren v. Hein, 214 Iowa 1060, 243 N. W. 330; Equitable Life Ins. Co. v. Brown, 220 Iowa 585, 262 N. W. 124. The fact that the rents and profits are pledged as security for the debt, as was done under the provisions of the mortgage in question, does not necessarily convert such proviso into a chattel mortgage. As stated in Hakes v. North, 199 Iowa 995, 998, 203 N. W. 238, 239:

"It is the legal privilege of any mortgagee to ask and to receive a chattel mortgage to secure his debt, if that is what he really wants; but the courts are not justified in converting a proviso of this kind into a chattel mortgage by legal implication. Mortgages are not creatures of implication; nor should they be too readily permitted to spring suddenly from cover of unsuspected places."

This mortgage was executed in 1923. There is no showing that it was ever indexed in the chattel mortgage index. The form used is probably similar to the one under consideration in the foreclosure action entitled First Trust Joint Stock Land Bank of Chicago v. Beall, 208 Iowa 1107, 225 N. W. 943. There the court held that the extent of appellant's rights in the rents and profits was limited to the satisfaction of the balance due on its judgment after exhausting the real estate which was. primarily pledged as security for the mortgage debt. A similar holding is found in the case of Interstate Business Men's Acc. Ass'n v. Nichols' Estate, 213 Iowa 12, 238 N. W. 435.

While it was alleged in the petition in this case that the security was inadequate and the defendant debtors were insol-

vent, no proof in support of these matters was made or tendered upon the hearings on the applications for continuance, and therefore the proof of. these matters must necessarily await the final determination of the case. We have held that the most satisfactory method of determining the inadequacy of the security and the one now most commonly resorted to is by execution sale. First Trust Joint Stock Land Bank of Chicago v. Beall, 208 Iowa 1107, 225 N. W. 943.

The fact that the plaintiff offered to show that the rentals from March 1, 1934, to March 1, 1935, would amount to considerably more than $275 does not necessarily mean that the court erred in not granting to the plaintiff the entire rentals for the year. The moratorium statute was enacted to suspend or delay foreclosure proceedings. This suit was commenced soon after the law went into effect. . The act is entitled, "Emergency delay of foreclosures," and we have held that the court has only a limited discretion in the matter of granting continuances under this law. Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338. The moratorium statutes by their express terms state that the court "shall make order or orders for possession of said real estate giving preference to the owner or owners in possession, determine a fair rental to be paid by the party or parties to be in possession," etc. When the facts in any given case are such as to make the provisions of the moratorium statute applicable (and in this case there is no claim that any good cause existed for not granting the continuance) the mandate of the statute is that the court "shall" grant the continuance. By section 3 of Senate File No. 34 it is provided:

"All applications heretofore filed for continuances under chapter one hundred eighty-two (182) of the acts of the Forty-Fifth General Assembly, and on which orders have been entered continuing said cause, and which orders are now in full force and effect, and all applications which have not been adjudicated shall be considered refiled even though hearing may have been had and order entered on the applications, which applications may be amended, or substitutions made therefor, and such cause *shall not proceed to trial* until the application for a continuance, or the amendments thereto, or the substituted application therefor *has been disposed of* by court order," etc. (Italics supplied.)

And by section 8 of said act it is again provided: "All acts and parts of acts in conflict with this act are suspended while this act is in effect."

A situation might arise, and no doubt frequently has arisen, where it would be proper, even where a continuance was granted, for the court to appoint a receiver to take possession of the real estate to the end that the security might be preserved, but the facts here were not such as to impel such action. There was no waste being committed; the farm had already been rented; the sole question was what share of the rental for the year 1934, in fairness to all parties concerned, should be applied on plaintiff's mortgage. In this case the court, under the power granted to it by the moratorium statute, fixed the amount which the defendants should contribute from the rentals of 1934, and ordered the same paid into the hands of the clerk. This the record shows was paid in compliance with the court's order. In the court's order, under the second application for continuance, he appointed the clerk receiver to rent the premises for the years 1935 and 1936, and provided for the rental to be paid and how it should be distributed under the provisions of the law. When the application for continuance was filed, the defendants stated that they were willing to abide by the terms of chapter 182, Acts of the 45th General Assembly, willing that the court should fix and determine the fair rental terms, and such other and further orders as the court might determine. The clerk of the court is an officer of the court, and the one specifically mentioned in the statute to be the recipient of the rents and profits, and who is to distribute the same under the order of the court. The whole matter is in the custody of the court, as much so as could be possible under supervision of a receiver appointed by the court.

Under such circumstances, we are constrained to hold that there was no abuse of the discretion lodged in the trial court in refusing to appoint a receiver.—Affirmed.

DONEGAN, C. J., and all Justices concur.